| | |
|---|---|
| UNITED STATES BANKRUPTCY COURT<br>DISTRICT OF NEW JERSEY<br>**Caption in Compliance with D.N.J. LBR 9004-1(b)**<br>**SCARINCI HOLLENBECK, LLC**<br>**DAVID EDELBERG, ESQ.**<br>150 Clove Road, 9th Floor.<br>Little Falls, New Jersey 07424<br>(201) 896-7701 (Tel)<br>(201) 896-7084 (Fax)<br>dedelberg@sh-law.com<br>*Attorneys for Maxell USA* | |
| In re:<br><br>RITE AID CORPORATION., *et al.,*<br><br>Debtors. | Chapter 11<br>Case No.: 23-18993 (MBK) |
| Thomas A. Pitta, as Trustee of the RAD Sub-Trust A,<br><br>Plaintiff,<br><br>v.<br><br>Maxell USA,<br><br>Defendant. | (Jointly Administered)<br><br>Adv. No.: 25-1982 (MBK) |

## DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSES
## TO PLAINTIFF'S COMPLAINT

Defendant, Maxell USA ("Defendant"), through its attorneys, Scarinci & Hollenbeck, LLC, responds to the complaint filed by Thomas A. Pitta, as Trustee of the RAD Sub-Trust A ("Plaintiff") as follows:

### NATURE OF THE CASE

1. Paragraph 1 of the Complaint does not assert any factual allegations regarding Defendant, and accordingly, the Defendant neither admits nor denies same.

1

2. Paragraph 2 of the Complaint does not assert any factual allegations regarding the Defendant, and accordingly, the Defendant neither admits nor denies same.

## JURISDICTION AND VENUE

3. Defendant admits the allegations contained in paragraph 3 of the Complaint.

4. Defendant admits the allegations contained in paragraph 4 of the Complaint.

5. Defendant admits the allegations contained in paragraph 5 of the Complaint.

6. Paragraph 6 of the Complaint does not assert any factual allegations regarding Defendant, and accordingly, Defendant neither admits nor denies same.

## PROCEDURAL BACKGROUND

7. Defendant admits the allegations contained in paragraph 7 of the Complaint.

8. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 8 of the Complaint.

9. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 9 of the Complaint.

10. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 10 of the Complaint.

## THE PARTIES

11. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 11 of the Complaint.

12. Defendant admits the allegations contained in paragraph 12 of the Complaint, except to neither admit nor deny the last sentence of paragraph 12 since it is incomplete and unintelligible.

## FACTUAL BACKGROUND

4937-6638-0152, v. 1

13. The statements in paragraph 13 of the Complaint do not make any factual allegations regarding Defendant, and accordingly, Defendant neither admits nor denies same.

14. The statements in paragraph 14 of the Complaint do not make any factual allegations regarding Defendant, and accordingly, Defendant neither admits nor denies same.

15. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 15 of the Complaint.

16. The statement in paragraph 16 of the Complaint does not make any factual allegations regarding Defendant, and accordingly, Defendant neither admits nor denies same.

17. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 17 of the Complaint.

18. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 18 of the Complaint, except to admit that the parties exchanged communications and other documents regarding their transactions and that various payments were remitted to Defendant during the 90-day Preference Period.

19. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 19 of the Complaint, except to admit that various payments were remitted to Defendant during the 90-day Preference Period.

4937-6638-0152, v. 1

20. The statements in paragraph 20 of the Complaint do not make any factual allegations regarding Defendant, and accordingly, Defendant neither admits nor denies same.

21. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 21 of the Complaint, except to admit that Plaintiff might have forwarded a demand letter to Defendant prior to filing this action.

22. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 22 of the Complaint, except to neither admit nor deny the legal conclusions asserted therein.

23. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 23 of the Complaint.

24. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 24 of the Complaint, except to neither admit nor deny the legal conclusions asserted therein.

25. The statements in paragraph 25 of the Complaint do not make any factual allegations regarding Defendant, and accordingly, Defendant neither admits nor denies same.

## CLAIMS FOR RELIEF

### First Claim for Relief
**(Avoidance of Preference Period Transfers – 11 U.S.C. § 547)**

26. Defendant repeats all responses previously set forth herein.

27. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 27 of the Complaint, except to

admit that several payments were received by Defendant during the 90-day Preference Period.

28. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 28 of the Complaint.

29. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 29 of the Complaint.

30. The allegations of paragraph 30 of the Complaint assert legal conclusions which Defendant neither admits nor denies.

31. The allegations of paragraph 31 of the Complaint assert legal conclusions which Defendant neither admits nor denies.

32. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 32 of the Complaint.

33. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 33 of the Complaint, except to admit that various payments were remitted to Defendant during the 90-day Preference Period.

34. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 34 of the Complaint.

35. Defendant denies the allegations contained in paragraph 35 of the Complaint.

## SECOND CLAIM FOR RELIEF
**(Avoidance of Fraudulent Conveyances – 11 U.S.C. § 548(a)(1)(B))**

36. Defendant repeats all responses previously set forth herein.

37. Defendant denies the allegations contained in paragraph 37 of the Complaint, except that Defendant has insufficient information to form a belief regarding the allegations of subparagraphs a, b and c.

38. Defendant denies the allegations contained in paragraph 38 of the Complaint.

### THIRD CLAIM FOR RELIEF
**(Recovery of Avoided Transfers – 11 U.S.C. § 550)**

39. Defendant repeats all responses previously set forth herein.

40. Defendant denies the allegations contained in paragraph 40 of the Complaint.

41. Defendant denies the allegations contained in paragraph 41 of the Complaint, except to admit that Defendant received several transfers during the 90-day Preference Period.

42. Defendant denies the allegations contained in paragraph 42 of the Complaint.

### FOURTH CLAIM FOR RELIEF
**(Disallowance of all Claims – 11 U.S.C. § 502(d) and (j))**

43. Defendant repeats all responses previously set forth herein.

44. Defendant denies the allegations contained in paragraph 44 of the Complaint.

45. Defendant denies the allegations contained in paragraph 45 of the Complaint, except to admit that Defendant has not paid the amount of the alleged avoidable transfers to Plaintiff.

4937-6638-0152, v. 1

46. Paragraph 46 of the Complaint sets forth a statement of law, and accordingly, Defendant neither admits not denies same.

47. Paragraph 47 of the Complaint sets forth a legal conclusion, and accordingly, Defendant neither admits not denies same.

**WHEREFORE**, Defendant demands judgment against the Plaintiff as follows:

a. Dismissing the Complaint with Prejudice.

b. Determining that Plaintiff failed to exercise sufficient due diligence in evaluating the allegations set forth in the Complaint, and accordingly, Defendant reserves all rights to seek counsel fees and costs as a result of such omission.

c. Such other and further relief as this Court may deem just and proper.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

The Complaint fails to state a claim upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

Defendant is without knowledge or information sufficient to form a belief as to the benefit, if any, that this action may confer upon the unsecured creditors of this estate; and, therefore, Plaintiff lacks standing to bring this action.

### THIRD AFFIRMATIVE DEFENSE

This action is barred by the applicable Statue of Limitations, including, without limitation, 11 U.S.C. § 546(a).

### FOURTH AFFIRMATIVE DEFENSE

The Transfers were in payment of a debt incurred by Debtor in the ordinary course of business or financial affairs of Debtor and Defendant, and (i) made in the ordinary course

4937-6638-0152, v. 1

of business or financial affairs of Debtor and Defendant; or, (ii) made according to ordinary business terms.

### FIFTH AFFIRMATIVE DEFENSE

After one or more of the Transfers, Defendant gave new value to or for the benefit of Debtor (i) not secured by an otherwise unavoidable security interest; and (ii) on account of which new value the Debtor did not make an otherwise unavoidable transfer to or for the benefit of Defendant.

### SIXTH AFFIRMATIVE DEFENSE

Each of the Transfers was intended by Debtor and Defendant to be a contemporaneous exchange for new value given to the Debtor, and each of the Transfers was in fact a substantially contemporaneous exchange.

### SEVENTH AFFIRMATIVE DEFENSE

Defendant is entitled to an offset and/or recoupment against the Transfers on account of, *inter alia,* deliveries during the twenty (20) day period preceding the Petition Date, and for goods specially manufactured by Defendant, in accordance with Plaintiff's specifications.

### EIGHTH AFFIRMATIVE DEFENSE

Defendant was a fully secured creditor at the time of the Transfers. As such, the Transfers were not preferential, because they did not allow Defendant to receive more than it would have received in a Chapter 7 liquidation.

### NINTH AFFIRMATIVE DEFENSE

4937-6638-0152, v. 1

The Transfers were earmarked for Defendant, so they did not involve a transfer of an interest of Debtor in property. Alternatively, Plaintiff was a mere conduit for payments remitted by Plaintiff's customers that received drop shipments directly from Defendant.

### TENTH AFFIRMATIVE DEFENSE

Defendant was not the initial transferee or the entity for whose benefit the Transfers were made, or an immediate or mediate transferee of the Transfers, but a mere conduit.

### ELEVENTH AFFIRMATIVE DEFENSE

The Plaintiff received valuable consideration in exchange for each of the Transfers.

### CONSENT TO BANKRUPTCY COURT JURISDICTION PURSUANT TO RULE 7008

Defendant consents to entry of final orders by the United States Bankruptcy Court for the District of New Jersey.

**SCARINCI & HOLLENBECK, LLC**
*Attorneys for Maxell USA*

By:  *s/David Edelberg*
David Edelberg, Esq.

Dated: November 7, 2025

4937-6638-0152, v. 1